IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00050-FL
NO. 5:09-CV-00310-FL

| | |
|---|---|
| MELVIN REGINALD HOLDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Respondent's Motion to Dismiss and Motion for Limited Relief [DE-27], which was referred by Chief Judge Flanagan to the undersigned for memorandum and recommendation.

## STATEMENT OF THE CASE

On April 7, 2008, Petitioner entered a guilty plea to Count 1 on a Criminal Information for Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE-9.] On July 11, 2008, Petitioner was sentenced to a term of 50 months imprisonment and judgment was entered against Petitioner [DE-18], which he did not appeal. On July 9, 2009, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. [DE-23.]

## DISCUSSION

Petitioner asserts that his sentence should be vacated and set aside on the grounds that he received ineffective assistance of counsel (1) during the sentencing phase of his case, and (2) when counsel failed to file a notice of appeal after being instructed to do so by Petitioner. Respondent contends that Petitioner's first claim of ineffective assistance during the sentencing phase should be

dismissed because Petitioner waived his right to assert this claim in his Plea Agreement. As to Petitioner's second claim of ineffective assistance for counsel's failure to appeal after being so instructed by Petitioner, Respondent asks the Court to allow Petitioner a "limited right to file an out-of time notice of appeal." Resp't Mot. at 5.

## I. Respondent's Motion to Dismiss Ground One

Petitioner contends that his trial counsel rendered ineffective assistance of counsel at the sentencing phase of his case:

> Defendant's trial attorney rendered ineffective assistance of counsel when he failed to investigate and ascertain that the information Defendant provided to law enforcement officers regarding the four (4) additional firearms was subject to the immunity agreement and the immunity provision of U.S.S.G. §1B1.8 and when he failed to object to the two-point upward adjustment to Defendant's offense level based on his possession of five (5) firearms under U.S.S.G. 2K2.1(b)(1)(A), on the grounds that the upward adjustment was supported solely by Defendant's own immunized statement.

Pet'r Mot. ¶ 18. Respondent contends that Petitioner is barred from asserting this claim by the waiver in his Plea Agreement, which Respondent argues preserved only the right to appeal a sentence in excess of the applicable advisory range. Resp't Mot. at 2. Respondent claims that Petitioner is attempting to circumvent his Plea Agreement and in-court declaration that he was not promised anything that was not in the Plea Agreement in exchange for his guilty plea. *Id.* at 2-3.

Respondent's motion to dismiss Ground One must fail based on the express language of the Plea Agreement, which provides in relevant part as follows:

> Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C.

2

> § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct **not known to the Defendant at the time of the Defendant's guilty plea**. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Mem. of Plea Agreement ¶ 2(c) (emphasis added) [DE-12]. Respondent focuses on the waiver of issues related to the establishment of the advisory Guideline range. However, the Petitioner's right to file an appeal or section 2255 motion "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea," *id.*, is expressly excepted from the waiver. *See United States v. Powell*, 09-4679, 2010 WL 559709, at *2 (4th Cir. Feb. 18, 2010) (denying Government's motion to dismiss defendant's claim of ineffective assistance of counsel, based on counsel's failure to pursue viable objections to the Presentence Report that would have lowered defendant's Guideline range, where appellate waiver expressly reserved the right to appeal on the ground of ineffective assistance of counsel). Furthermore, Petitioner contends that his trial attorney provided ineffective assistance at sentencing, which occurred after execution of the Plea Agreement and, therefore, such claim could not have been known to Petitioner at the time of his guilty plea.

Respondent's contention that Petitioner's claim violates his in court declaration, that Petitioner was not promised anything that was not in the Plea Agreement in exchange for his guilty plea, is likewise belied by the Plea Agreement, which provides in relevant part as follows:

> The United States agrees . . . [p]ursuant to U.S.S.G. § IB1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by §IB1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

Mem. of Plea Agreement ¶ 4(e). The Plea Agreement expressly included a provision regarding the use of self-incriminating statements in determining the guideline range. Petitioner is not now attempting to rely on a previously undisclosed or unwritten promise not contained in his Plea Agreement, which distinguishes this case from the *Little* case cited by Respondent. *See Little v. Allsbrook*, 731 F.2d 238 (4th Cir. 1984) (Defendant claimed that he only pled guilty because attorney wrongly led him to believe that he would be eligible for parole in five years). Petitioner's argument, that his trial attorney failed to investigate and object to the two-point upward adjustment to his offense level on the grounds that the upward adjustment was supported solely by his own immunized statement in violation of his Plea Agreement, does not contradict his in court declarations or the waiver in the Plea Agreement.

The Court concludes that Ground One of Petitioner's section 2255 motion falls squarely within the exception to the waiver in his Plea Agreement and does not contradict his in court statements. Accordingly, the Court **RECOMMENDS** that Respondent's motion to dismiss Ground One of Petitioner's section 2255 motion be **DENIED**.

## II. Respondent's Motion For Limited Relief on Ground Two

Petitioner contends that his trial attorney rendered ineffective assistance of counsel when he failed to file a notice of appeal after being instructed by his client to do so. Pet'r Mot. ¶ 20. Respondent asks the Court to allow Petitioner a "limited right to file an out-of time notice of appeal" and directs the Court to the case of *United States v. Glover*, No. 7:07-CR-23-BO-5; 7:09-CV-78-BO (E.D.N.C. Aug. 24, 2009), as precedent for this type of limited relief. Resp't Mot. at 5.

Subsequent to the filing of Respondent's motion, the Fourth Circuit Court of Appeals vacated the part of the District Court's order and judgment in *Glover* that granted him leave to file a belated

4

Case 5:08-cr-00050-FL   Document 28   Filed 05/18/10   Page 4 of 6

notice of appeal on the limited issue of ineffective assistance due to his counsel's failure to file an appeal after being so instructed. *United States v. Glover*, No. 09-7601, 2010 WL 358572 (4th Cir. Feb. 2, 2010). The Fourth Circuit explained that "the remedy on § 2255 for ineffective assistance of counsel where counsel fails to note a requested appeal is to vacate the underlying judgment of conviction and reenter the judgment to permit the appeal period under Fed. R. App. P. 4(b) to run anew." *Id.* at *1 (citing *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993)). The court of appeals further noted that Glover's other claims could be raised in his reinstated direct appeal and that Glover "should not be forced to raise all possible claims against his judgment of conviction on his first § 2255 motion and, thereby, 'make the substantive objections to his conviction and sentence that his lawyer would have made for him on direct appeal.'" *Id.* (quoting *In re Goddard*, 170 F.3d 435, 437 (4th Cir. 1999)).

The Court concludes that the limited relief sought by Respondent is no longer available, pursuant to *Glover*, and **RECOMMENDS** that the Respondent's motion for limited relief be **DENIED**.

## CONCLUSION

The Court **RECOMMENDS** that the Respondent's Motion to Dismiss and Motion for Limited Relief [DE-27] be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to,

5

Case 5:08-cr-00050-FL   Document 28   Filed 05/18/10   Page 5 of 6

and accepted by, the District Court.

This 14th day of May, 2010.

_____
DAVID W. DANIEL
UNITED STATES MAGISTRATE JUDGE