IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-50-FL
NO. 5:09-CV-310-FL

| | | |
|---|---|---|
| MELVIN REGINALD HOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner Melvin Reginald Holden's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE # 23), and the government's motion to dismiss and motion for limited relief (DE # 27). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommends that the court deny the government's motions (DE # 28). The government timely filed objections to the M&R, and petitioner did not respond. In this posture, the issues raised are ripe for adjudication.

Pursuant to a plea agreement, petitioner pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 on April 7, 2008. On July 11, 2008, petitioner was sentenced to a term of fifty (50) months imprisonment. Petitioner failed to timely file notice of appeal. On July 9, 2009, petitioner filed a motion to vacate under § 2255, asserting ineffective assistance of counsel. In ground one of his motion, petitioner asserts that his trial counsel was ineffective during sentencing in failing to investigate and object to an upward departure

adjustment to petitioner's offense level supported solely by petitioner's immunized statement in the plea agreement. In ground two of his motion, petitioner asserts that trial counsel was ineffective for failing to file a notice of appeal as directed by petitioner.

On August 24, 2009, the government moved to dismiss count one of the motion, and moved for limited relief on count two. The government argued that, although his guilty plea preserves petitioner's right to bring an ineffective assistance of counsel claim, ground one of petitioner's motion alleging the same was frivolous insofar as it contradicted statements made during the Rule 11 colloquy with the court. As to ground two, the government did not concede ineffective assistance of counsel or that petitioner timely requested the counsel file a notice of appeal, but nevertheless requested the court grant petitioner the limited right to file an out-of-time notice of appeal, subject to any limitations set forth in petitioner's plea agreement. Petitioner did not respond.

On May 18, 2010, the magistrate judge recommended denying in toto the government's motion. The magistrate judge found that ground one of the petition fell within the express language of petitioner's plea agreement reserving the right of petitioner to raise ineffective assistance of counsel not known to petitioner at the time of the guilty plea. The magistrate judge also found that ground one of petitioner's motion did not contradict any in-court declarations. As to ground two, the magistrate judge noted that the Fourth Circuit recently affirmed that the exclusive remedy for counsel's failure to timely file an appeal after being so instructed is to vacate the underlying judgment and conviction and reenter the judgment to permit the appeal period to run anew. The magistrate found that a right to file an out of time appeal was not available as limited relief.

The government timely objected to the M&R on May 20, 2010. The government acknowledged that the specific limited relief it had requested was not available, but contends that

the court should grant its motion for limited relief in the form allowed by the Fourth Circuit. In other words, the government asks the court to vacate and re-enter petitioner's judgment of conviction, appoint counsel to represent petitioner, and allow petitioner to timely file a notice of appeal within the new appeal period running from the date of the reentered judgment. In granting limited relief, the court would dismiss without prejudice ground one of the petition so that petitioner's direct appeal could first be decided. Petitioner did not respond to the M&R or the government's objections.

No party takes issue with the magistrate judge's findings or legal analysis, and after a considered review the court agrees.* The court is unable to grant the limited relief sought by the government in its original motion. See, e.g., United States v. Glover, 363 F. App'x 989, 991 (4th Cir. 2010) (per curiam) (unpublished); United States v. Davis, 78 F. App'x 238, 239 (4th Cir. 2003) (per curiam) (unpublished). Failure of counsel to file a notice of appeal as instructed is per se ineffective assistance of counsel, and the appropriate remedy is to vacate and then reenter the court's original judgment to permit petitioner to file a timely notice of appeal, regardless of any appellate wavier in a plea agreement. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993); Glover, 363 F. App'x at 991 (citing Peak); Davis, 78 F. App'x at 238 (same); see also United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

Accordingly, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 28) and DENIES the government's motion to dismiss and motion for limited relief in the form presented (DE # 27). However, where the government requests in its objection to the M&R that the

---

* This court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

court grant the relief allowed by Peak and subsequent Fourth Circuit cases, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 23) is GRANTED in part and DISMISSED in part. The court assumes, without deciding, that petitioner's counsel failed to timely file a notice of appeal as directed and was thereby ineffective. Thus, the court VACATES the judgment entered July 11, 2008 (DE # 18). The Clerk of Court is DIRECTED to re-enter judgment containing the same terms and provisions as the original judgment. In the meantime, petitioner shall remain in the custody of the Attorney General of the United States. The court DISMISSES without prejudice the other ground for relief set forth in petitioner's motion.

Petitioner is currently represented by George B. Currin of Raleigh, North Carolina, so the court need not appoint counsel for petitioner. Petitioner and counsel are advised that a notice of appeal must be filed within fourteen (14) days after judgment is reentered. Fed. R. App. P. 4(b)(1)(A)(I). The appeal remains subject to and without the government having waived any of the terms and provisions of petitioner's plea agreement.

SO ORDERED, this the 4_ day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

4