IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00050-FL-1
NO. 5:09-CV-00310-FL

| | |
|---|---|
| MELVIN REGINALD HOLDEN, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

This cause comes before the court upon Respondent Government's motion to dismiss [DE-44] Petitioner Melvin Reginald Holden's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") [DE-41]. Holden has filed a response [DE-47], and Respondent's motion to dismiss is therefore ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the following reasons, it is hereby RECOMMENDED that Respondent's motion to dismiss [DE-44] be GRANTED and that Holden's motion to vacate [DE-41] be DENIED.

## I. BACKGROUND

On April 7, 2008, Holden pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE-9]. The district court sentenced him to fifty months' imprisonment and judgment was entered against him on July 11, 2008, which he did not

1

appeal. [DE-18].

On July 9, 2009, Holden filed a motion to vacate under 28 U.S.C. § 2255, asserting that his sentence should be vacated and set aside on the grounds that he received ineffective assistance of counsel during the sentencing phase of his case and when counsel failed to file a notice of appeal after being instructed to do so. [DE-23]. Assuming without deciding that Holden's counsel failed to timely file a notice of appeal, thereby rendering ineffective assistance of counsel, the court vacated its July 11, 2008 judgment and directed the clerk of court to re-enter judgment containing the same terms and provisions as the original judgment. [DE-30].

Holden filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on August 12, 2010. [DE-32]. In his appeal, Holden argued that "upon execution of [his] plea agreement, statements he made one year before he executed the plea agreement became protected and that the use of his statements to enhance his sentence based upon the number of firearms involved in the crime constituted a breach of the plea agreement." [DE-37, p.2]. He also asserted his counsel rendered ineffective assistance by failing to object to the use of the statements. [*Id.*]. On April 29, 2011, the Fourth Circuit issued an unpublished per curiam opinion affirming the judgment of the district court. [DE-37]. In its decision, the Fourth Circuit concluded that "the use of Holden's pre-plea statements at sentencing did not violate the plea agreement, and Holden fails to demonstrate error—plain or otherwise." [DE-37, p.4]. The Fourth Circuit further concluded that "counsel had no meritorious objection to the use of Holden's pre-plea statements at sentencing." [*Id.*]. Because Holden failed to show attorney error evident from the face of the record, the Fourth Circuit declined to address his ineffective assistance of counsel claim on direct appeal. [*Id.*].

Holden again moved to set aside his sentence in accordance with 28 U.S.C. § 2255 on June

2, 2011. [DE-41]. As grounds for his motion to vacate, Holden argues he received ineffective assistance when his counsel

> failed to investigate and ascertain that the information Defendant provided to law enforcement officers regarding the four (4) additional firearms was subject to the immunity agreement and the immunity provision of U.S.S.G. 1B1.8 and when he failed to object to the two-point upward adjustment to Defendant's offense level based on his possession of five (5) firearms under U.S.S.G. 2K2.1(b)(1)(A) on the grounds that the upward adjustment was supported solely by Defendant's immunized statement.
> [DE-41, p.4].

Respondent asserts this issue is without merit and asks the court to dismiss Holden's motion to vacate.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Respondent has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action,

3

supported by mere conclusory statements do not suffice." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 570.

**B. 28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C.      Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74

4

(1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

**D. Ineffective Assistance of Counsel**

Holden asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

**III. ANALYSIS**

Holden argues his counsel was ineffective during sentencing by failing to investigate and

5

object to an upward departure adjustment to his offense level based on statements Holden gave to law enforcement officers. Holden contends the statements were immunized under the terms of the plea agreement, and that his counsel's "performance was deficient with regard to the use and admissibility of [his] immunized statement." [DE-47, p.5].

Respondent argues that the Fourth Circuit's decision effectively precludes Holden's assertion of ineffective assistance of counsel. The undersigned agrees. The Fourth Circuit held that the use of Holden's pre-plea statements at sentencing did not violate the terms of his plea agreement and noted that Holden's "counsel had no meritorious objection to the use of Holden's pre-plea statements at sentencing." [DE-37, p.4]. Despite this determination, Holden contends that "[t]he Fourth Circuit's ruling does not affect or in any way diminish [his] right to have his Renewed § 2255 Motion heard and decided on its merits." [DE-47, p.5]. To be sure, the Fourth Circuit only indirectly addressed Holden's ineffective assistance of counsel claim. However, the Fourth Circuit squarely rejected the sole basis for Holden's present claim of ineffective assistance of counsel when it ruled that the use of Holden's pre-plea statements to enhance his sentence did not violate the terms of the plea agreement. Moreover, the Fourth Circuit indicated that Holden's counsel "had no meritorious objection to the use of Holden's pre-plea statements at sentencing." Holden cannot show his counsel rendered constitutionally deficient assistance by failing to make an argument the Fourth Circuit has overruled. As such, his motion to vacate fails to state a claim upon which relief can be granted and should be dismissed.

## IV. **CONCLUSION**

Because Holden fails to show that his counsel's performance was objectively unreasonable or demonstrate that prejudice resulted from his counsel's alleged errors, the undersigned finds that Holden has not sustained his claim of ineffective assistance of counsel. Thus, for the foregoing

6

reasons, it is hereby RECOMMENDED that Respondent's motion to dismiss [DE-44] be GRANTED and that Holden's motion to vacate [DE-41] be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, September 27, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE