IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-50-FL-1
No. 5:11-CR-376-FL

| | | |
|---|---|---|
| MELVIN REGINALD HOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to vacate, set aside, or correct sentence pursuant

to 28 U.S.C. § 2255 (DE # 41) of petitioner Melvin Reginald Holden ("petitioner") and the motion

to dismiss (DE # 44) filed by respondent, the United States of America ("respondent"). Pursuant to

28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum

(DE # 48) recommending that respondent's motion to dismiss be granted, and that the § 2255

petition be dismissed for failure to state a claim upon which relief may be granted. Petitioner timely

filed objections (DE # 49) to the memorandum and recommendation ("M&R"). In this posture, the

matter is ripe for ruling. For the reasons that follow, the court rejects petitioner's objections to the

M&R and dismisses the § 2255 petition.

**STATEMENT OF THE CASE**

On April 7, 2008, petitioner entered a plea of guilty, pursuant to a written plea agreement,

to having possessed a firearm despite his status as a convicted felon, in violation of 18 U.S.C. §

922(g)(1). On July 11, 2008, the court sentenced petitioner to a fifty (50) month term of imprisonment.

Petitioner filed his first § 2255 petition (DE # 23) on July 9, 2009. In the petition he argued that he received ineffective assistance of counsel at his sentencing because counsel failed to object to the two-point offense level enhancement he received, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), based on the court's finding that he was accountable for five firearms. Petitioner argued that the factual basis for this finding was derived from a protected statement that he gave and was therefore utilized at sentencing in violation of the plea agreement. Petitioner also claimed that counsel was ineffective because he failed to file a notice of appeal despite being instructed to do so by petitioner. Ultimately the court granted-in-part and dismissed-in-part the petition, determining that petitioner was entitled to re-entry of the judgment of conviction so that he could pursue a direct appeal. The court dismissed without prejudice petitioner's claim that counsel was ineffective at sentencing.

On direct appeal, petitioner argued "that, upon execution of the plea agreement, statements he made one year before he executed the plea agreement became protected and that the use of his statements to enhance his sentence based upon the number of firearms involved in the crime constituted a breach of the plea agreement." United States v. Holden, 426 F. App'x 163, 164 (4th Cir. 2011). Petitioner also argued that "counsel rendered ineffective assistance by failing to object to the use of the statements." Id. The Court of Appeals held "that the Government did not breach the plea agreement" because the statement utilized for purposes of applying the enhancement was given more than a year before petitioner entered the plea agreement and was therefore not subject

2

to the limitation in the plea agreement under U.S.S.G. § 1B1.8(b)(1).[1] Id. at 165. As to petitioner's ineffective assistance claim, the appellate court observed that "the record indicates that counsel had no meritorious objection to the use of Holden's pre-plea statements at sentencing." Id. Thus, petitioner "failed to show, as he must, attorney error that is evident from the face of the record." Id. Nevertheless, despite these observations the appellate court declined to address the ineffective assistance claim in the first instance on direct appeal. Id.

On June 2, 2011, petitioner filed the instant petition, styling it as a "renewed" motion to vacate his sentence. On August 10, 2011, respondent filed its motion to dismiss for failure to state a claim upon which relief can be granted, to which petitioner filed his response (DE # 47) on September 2, 2011.

On September 23, 2011, the court referred the matter to Magistrate Judge Webb. On September 27, 2011, the magistrate judge issued an M&R, recommending that the petition be dismissed. On October 7, 2011, petitioner filed an objection to the M&R, arguing that the magistrate judge erred in considering petitioner's claim precluded by the Fourth Circuit's holding on direct appeal. Respondent filed its opposition (DE # 50) to petitioner's objections on October 20, 2011, and the matter is now ripe for ruling.

---

[1] That provision instructs that limitations on the use of information obtained by the Government pursuant to a cooperation agreement are not applicable to "restrict the use of information . . . known to the government prior to entering into the cooperation agreement." § 1B1.8(b)(1).

3

## DISCUSSION

A.    Standard of Review

1.    28 U.S.C. § 2255

Petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

2.    Fed. R. Civ. P. 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298. 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true

4

unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86

(quotation marks and alteration marks omitted).

       3.      Referral to Magistrate Judge

The court may "designate a magistrate judge to submit . . . proposed findings of fact and

recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party

may object to the magistrate judge's proposed findings by filing "written objections which . . .

specifically identify the portions of the proposed findings, recommendations or report to which

objection is made and the basis for such objection." Local Civil Rule, EDNC 72.4(b). The court

shall make a *de novo* determination of those portions of the M&R to which a party has filed

objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.    Analysis

Petitioner's lone claim is that his counsel was ineffective at sentencing. To succeed on an

ineffective assistance of counsel claim, the claimant must demonstrate (1) that his counsel's

performance was deficient and (2) that the deficient performance prejudiced him. See Strickland v.

Washington, 466 U.S. 668, 687 (1984). The first prong is met only where counsel's performance

falls "below an objective standard of reasonableness." Id. at 688. "Review of counsel's performance

is 'highly deferential[,]' " and the court operates under the "strong presumption that [counsel's]

performance was within the extremely wide range of professionally competent assistance." Baker

v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000) (citation omitted). The second prong of Strickland's

ineffective assistance test is met where there is "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S.

at 694. In the context of a sentencing proceeding, in order to demonstrate prejudice the petitioner

must show a reasonable probability that he would have received a more lenient sentence if not for

the alleged deficient performance of counsel. <u>See</u> <u>Glover v. United States</u>, 531 U.S. 198, 202-04

(2001).[2]

As recounted above, petitioner faults counsel for failing to object to the two-point offense

level enhancement he received pursuant to U.S.S.G. § 2K2.1(b)(1)(A), as he was found accountable

for five firearms. The pre-sentence report ("PSR") based this finding on petitioner's own admission,

in March of 2005, that in March of the previous year he had assisted the seller in a transaction

involving four firearms. Petitioner asserts that the PSR's finding that the statement was

"unprotected" is "incorrect and inconsistent with paragraph 4(e) of [the] . . . plea agreement, which

specifically states that self-incriminating information provided by Defendant would not be used

against him." Pet'r's Second Mot. To Vacate 16. Hence, petitioner argues as follows:

> Upon information and belief, Defendant's lawyer knew, or should have known, that
> Defendant had cooperated with the Government and that Defendant had been given
> use immunity under U.S.S.G. § 1B1.8 for the incriminating statements he made
> during the debriefing. . . . Defendant's trial attorney rendered ineffective assistance
> of counsel when he failed to investigate and ascertain that the information Defendant
> provided to law enforcement officers regarding the four (4) additional firearms was
> subject to the immunity agreement and the immunity provision of U.S.S.G. § 1B1.8
> and when he failed to object to the two-point upward adjustment to Defendant's
> offense level based on his possession of five (5) firearms under U.S.S.G.

---

[2] An individual has a right to effective assistance of counsel during a noncapital sentencing hearing. <u>See</u> <u>United States v. Burkley</u>, 511 F.2d 47, 51 (4th Cir. 1975). Although the Court in <u>Strickland</u> left open "the role of counsel in an ordinary sentencing, which may . . . require a different approach to the definition of constitutionally effective assistance," <u>Strickland</u>, 466 U.S. at 686, the courts of appeals have generally applied the same two-step <u>Strickland</u> test to noncapital sentencing hearings. <u>See e.g.</u>, <u>United States v. Seyfert</u>, 67 F.3d 544, 547 (5th Cir. 1995); <u>Carsetti v. Maine</u>, 932 F.2d 1007, 1012-14 (1st Cir. 1991); <u>United States v. Stevens</u>, 851 F.2d 140, 145 (6th Cir. 1988); <u>see also</u> <u>United States v. Russell</u>, 34 F. App'x 927, 927-28 (4th Cir. 2002) (unpublished) (per curiam) (applying <u>Strickland</u> where counsel failed to object to the calculation of a base offense level at sentencing).

2K2.1(b)(1)(A), on the grounds that the upward adjustment was supported solely by Defendant's own immunized statement.

Id. at 17, 20. As to prejudice, petitioner asserts "the prejudice resulting from such error is manifest. But for the 2-point upward adjustment for the number of firearms involved, Defendant's offense level under the advisory Guidelines would have been 21, rather than 23." Id. at 20.

> The magistrate judge agreed with respondent's argument that
>
> the Fourth Circuit's decision effectively precludes Holden's assertion of ineffective assistance of counsel. . . . [T]he Fourth Circuit squarely rejected the sole basis for Holden's present claim of ineffective assistance of counsel when it ruled that the use of Holden's pre-plea statements to enhance his sentence did not violate the terms of the plea agreement. Moreover, the Fourth Circuit indicated that Holden's counsel "had no meritorious objection to the use of Holden's pre-plea statements at sentencing." Holden cannot show his counsel rendered constitutionally deficient assistance by failing to make an argument the Fourth Circuit has overruled. As such, his motion to vacate fails to state a claim upon which relief can be granted and should be dismissed.

Mem. and Recommendation 6. Petitioner's objection to the magistrate judge's recommendation argues that the Fourth Circuit's decision on direct appeal does not preclude his claim of ineffective assistance because the appellate court explicitly declined to address that claim in its decision. He further distinguishes his interpretation of the Fourth Circuit's opinion from that of the magistrate judge:

> Contrary to the Magistrate Judge's conclusion that the Fourth Circuit "squarely rejected the sole basis" for Defendant's Renewed § 2255 Motion based on ineffective assistance of counsel, the Fourth Circuit actually merely held that *based on the record on direct appeal*, which is less expansive than the allegations of Defendant's Renewed § 2255 Motion and the other evidence that would be developed in the § 2255 proceeding, "the *record* indicates that counsel had no meritorious objection to the use of Holden's pre-plea statements at sentencing." Holden, 426 F. App'x at 165 (emphasis added). That does not mean that evidence *outside the record* in the § 2255 proceeding would not establish ineffective assistance of counsel; nor does it mean that Defendant's allegations in his Renewed § 2255 Motion, which include factual

7

allegations not contained in the record on appeal, do not establish ineffective assistance of counsel.

Pet'r's Objection 2-3 (emphasis in original).

The court is not persuaded that the Fourth Circuit's decision alone mandates that the petition be dismissed. First, as petitioner notes, the appellate court specifically refused to decide the claim. Second, in somewhat similar circumstances, the Fourth Circuit has held that its prior ruling on the merits of a particular issue on direct appeal does not foreclose an ineffective assistance claim related to the issue in collateral proceedings. In United States v. Harris, 14 F. App'x 144 (4th Cir. 2001) (unpublished decision), Harris was appealing the district court's denial of his motion to vacate under § 2255. Among his claims was his contention that counsel was ineffective in failing "to request a curative instruction after firearms, that were not admitted into evidence, were shown to the jury." Id. at 145. On direct appeal, Harris had challenged the Government's actions in showing the firearms to the jury, but the Fourth Circuit held that there was no plain error, as he "was not unfairly prejudiced and . . . defense counsels' failure to object" could have been a result of strategy. Id. On collateral review, the district court "declared itself bound by [the Fourth Circuit's] opinion on direct appeal." Id. However, the Fourth Circuit distinguished Harris's direct appeal claim from his § 2255 claim: "[T]his court held that it was not reversible error to improperly display firearms to the jury; Harris now argues that he received ineffective assistance of counsel when his attorney failed to request a curative instruction that the district court had already determined to be proper. Because the issues are not the same, the district court was not bound by our ruling on appeal." Id. Accordingly, while the court is bound by the Fourth Circuit's holding as to the legal issue decided

8

on direct appeal, the court does not find that such decision precludes petitioner from bringing a conceivable ineffective assistance claim on collateral review.

However, even if the Fourth Circuit's decision on direct appeal does not wholly preclude petitioner from bringing an ineffectiveness claim based on counsel's failure to object at sentencing, it does not follow that the instant claim is not subject to summary dismissal. Petitioner is still required to allege some set of facts which, if proven, would entitle him to relief, and to pass muster the petition must offer more than a generalized statement of petitioner's claim. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, and as pointed out by the magistrate judge, while the court is required to treat petitioner's factual allegations as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at __, 129 S.Ct. at 1949.

In this case, petitioner only conclusorily alleges that counsel rendered ineffective assistance by failing to "investigate and ascertain that the information Defendant provided to law enforcement officers regarding the four (4) additional firearms was subject to the immunity agreement and the immunity provision of U.S.S.G. § 1B1.8 . . . ." Pet'r's Mot. To Vacate 20. The only factual allegation apparently directed at demonstrating what specific information counsel should have investigated or ascertained is petitioner's assertion that the "statement in paragraph 5 of the presentence report that Defendant's statement was 'unprotected' is incorrect and inconsistent with

9

paragraph 4(e) of Defendant's plea agreement, which specifically states that self-incriminating information provided by Defendant would not be used against him." Id. at 16. It is important to note that petitioner is not alleging that counsel failed to properly advise him that statements he gave prior to executing the plea agreement might be used at sentencing, that he did not give the relevant statement prior to entering the plea agreement, or that the relevant statement could not have provided the factual basis attributed to it by the PSR. Instead, petitioner persists in his flawed argument that the statement was somehow retroactively "immunized" by the plea agreement and therefore was not subject to use at sentencing. Of course, this is the precise legal argument that was rejected on appeal to the Fourth Circuit. See Holden, 426 F. App'x at 165 (holding that, because petitioner gave the relevant statement before executing the plea agreement, § 1B1.8, which is referenced in the plea agreement, did not preclude use of such information at sentencing).[3] Petitioner simply has not alleged any other fact which counsel could have ascertained and presented to the court at sentencing in order to avoid use of his March 14, 2005, statement, other than the argument already rejected on appeal.

Although petitioner maintains that his present allegations are more "expansive" than those before the Fourth Circuit on appeal, and that his petition includes "factual allegations not contained in the record on appeal," he has not alleged any specific fact in support of his petition beyond those

---

[3] Nor, in this vein, is petitioner alleging some infirmity in the Fourth Circuit's finding that "more than one year before Holden signed the plea agreement, he told authorities about his involvement in the sale of four handguns." Holden, 426 F. App'x at 165. The PSR indicates that petitioner supplied the relevant information on March 14, 2005. The plea agreement was executed on June 17, 2005. Mem. of Plea Agreement 8. Thus, because the information was "known to the government prior to entering into the cooperation agreement," even if the Fourth Circuit's finding about when petitioner gave the statement suggests some ambiguity about the relevant time line, its application of § 1B1.8(b)(1) appears sound. Notably, petitioner does not contend otherwise, as he does not even discuss § 1B1.8(b)(1) or its application to his statements given prior to executing the cooperation agreement.

apparently already considered, and rejected, by the appellate court.[4] That is, petitioner alleges that counsel failed to object to a purported legal error at sentencing concerning the use of a statement he gave. The Fourth Circuit's opinion establishes that use of the subject statement was not erroneous, "plain or otherwise." Holden, 426 F. App'x at 165. Likewise, although petitioner alludes to "other evidence that would be developed in the § 2255 proceeding" and "evidence *outside the record* in the § 2255 proceeding," Pet'r's Objection 2, the petition does not allege any facts about what would constitute such evidence. Instead, petitioner merely claims that counsel erred in failing to make an objection which has been conclusively established as lacking support in the record, while failing to specifically allege the existence of anything outside of that record which tends to demonstrate how counsel erred.

Petitioner's allegation that counsel rendered ineffective assistance is a legal conclusion not entitled to be taken as true for purposes of the motion to dismiss. The few discrete factual allegations petitioner offers in support of his claim are vague, incomplete, and premised on a legal argument which has already been rejected. Thus, while petitioner could, despite the Fourth Circuit's ruling on direct appeal, conceivably allege some viable claim of ineffective assistance related to the use of his statements given prior to entering the plea agreement, this petition plainly fails to do so.

---

[4] Indeed, the relevant allegations in support of this claim in the "renewed" petition are essentially identical to those in the first petition, which ultimately precipitated petitioner's direct appeal. Compare Pet'r's Mot. to Vacate [D.E. 23] 15, 19-20 with Pet'r's Renewed Mot. to Vacate [D.E. 41] 16-17, 20. It is clear from the Fourth Circuit's opinion that petitioner presented his ineffective assistance claim on appeal, just as he did with his first petition. This court has no reason to believe that the nature and character of the ineffective assistance claim petitioner argued in the Fourth Circuit differed in any material aspect from that which was presented to this court in his first petition and then restated in the "renewed" petition.

11

Accordingly, the petition simply does not suffice to state facts which, if proven, would entitle him to relief from his sentence, and is due to be summarily dismissed.[5]

## C.     Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional

---

[5] Although petitioner does not appear to present such a claim, to the extent his present allegations are predicated on some implied assertion that he misunderstood the terms of the plea agreement or was persuaded by terms of an agreement that were not embodied in the draft plea agreement itself, see Pet'r's Renewed Mot. to Vacate 16 ("It was understood and accepted that Defendant would have to plead guilty to the charge involving the one (1) firearm, but that as part of his cooperation nothing Defendant said in the debriefing or later would be used against him."), such contention is also subject to summary dismissal. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotations and citations omitted) ("Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."). When he entered his plea, petitioner affirmed that he had not been promised anything other than what was written in the plea agreement in order to induce his decision to plead. 4/7/08 Tr. [DE # 26] 19, 23-24. And, as discussed above and decided by the Fourth Circuit, petitioner's plea agreement did not purport, explicitly or by reference to U.S.S.G. § 1B1.8, to preclude the use at sentencing of statements he gave prior to entering the agreement.

right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, and as supplemented herein, the court ADOPTS as its own the magistrate judge's recommendation on the merits (DE # 48), that respondent's motion to dismiss (DE # 44) be GRANTED and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 41) be DISMISSED. The court also DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 17th day of November, 2011.

LOUISE W. FLANAGAN
United States District Judge